

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 8, 1970

Hon. Roger Gorrell
County Attorney
Bailey County
Muleshoe, Texas    79347

Opinion No. M- 606

Re:    Several questions concerning
        election precincts, and re-
        lated questions, which arise
        by reason of redefining the
        boundaries of the County
        Commissioners Precincts of
        Bailey County.

Dear Mr. Gorrell:

In your recent letter requesting an opinion of this office concerning election questions raised by the redistricting of your county commissioners precincts you set out the following facts and questions which we quote as follows:

"On December 30, 1969 three citizens of Bailey County sued the Commissioners Court of Bailey County to re-district the county commissioners precincts in line with the decision of the United States Supreme Court in Midland County versus Avery.

"The Commissioners Court then held a series of meetings and passed an Order to be effective January 19, 1970 re-districting this county to comply with the rules laid down in the Supreme Court Case.

"On February 10, 1970 the four commissioners filed an answer in the above law suit. This law suit has now been dismissed, and there is no litigation pending.

"...The Commissioners Court has not as yet passed a motion redefining election precincts as we were waiting for the July or August Term as prescribed in the Election Code, Article 2.04, Section A.

-2893-

"The County was re-districted and the Order passed so as to leave all four commissioners in the new precincts. We do not have a contest in Precinct 2, but do have a contest in Precinct 4, where both the incumbent and his opponent live in the boundary of old commissioners precinct 4, and will both reside within the boundary of the new commissioners precinct 4, as passed by motion on January 19, 1970.

"The questions we have are:

"a. Are persons living in the new commissioners precincts 2 and 4 authorized to vote in the May Primary and run off if any?

"b. Must the Commissioners Court wait until its July or August Term to pass a motion redefining county election precincts?

"c. If the Commissioners Court passes an Order at the July or August Term redefining county election precincts, how will this affect the General Election in November taking into consideration the apparent conflict between Section E of Article 2.04 of the Election Code and Section A of Article 2351 1/2 in the Second Sentence thereof?"

Article 2.04 of the Texas Election Code reads in part as follows:

"(a) Each county shall be divided into convenient election precincts by the Commissioners Court of the county, each of which precincts shall be differently numbered and described by natural or artificial boundaries or survey lines by an order entered upon the minutes of the Court. At any July or August term, the Court may make such changes in the election precincts as they deem proper, by such order entered upon the minutes of the Court. ...

"(b) No election precinct shall be formed out of two or more justice precincts or commissioners precincts, nor out of the parts of two or more justice precincts or commissioners precincts; ....

If in September of any year there exists any
election precinct in the county which does not
comply with the foregoing requirements, the
commissioners court shall make the necessary changes
before the first day of October, either at a
regular meeting or at a special meeting called
for that purpose; ...

"....

"(e) Changes in election precincts shall not
become operative in the holding of elections until
the beginning of the following voting year. The
Commissioners Court shall cause to be made out and
delivered to the County Tax Collector before the
first day of each September a certified copy of
such last order for the year following; provided,
however, that any order entered during the month of
September, as provided in Paragraph (b) of this
Section, shall be delivered to the Tax Collector
forthwith. " (Underscoring added).

Article 5.01 and 5.02 of the Texas Election Code
set out the requirements for voting. Article 5.01 denies
suffrage to certain classes of persons, but is otherwise
not relevant to the questions before us; Article 5.02 reads
as follows:

"Art. 5.02. Every person subject to none of the
foregoing disqualifications who shall have attained
the age of twenty-one years and who shall be a citizen
of the United States and who shall have resided in this
state one year next preceding an election and the last
six months within the district or county in which
such person offers to vote, and who shall have registered
as a voter, shall be deemed a qualified elector. No
person shall be permitted to vote unless he has registered
in accordance with the provisions of this code. The
provisions of this section, as modified by Sections 35
and 39 of this code, shall apply to all elections,
whether held by the state, by a county, municipality,
or other political subdivision of the state, or by a
political party." (Underscoring added).

We answer your first question as follows. All persons,
otherwise qualified as voters, who have resided within the
county for six months immediately preceding the election, may

vote in the May primary and run-off, if any. Voters in the newly created commissioners precincts vote for the county commissioner of the commissioner's precinct in which the voter is a resident, even though election precincts cross the newly created commissioners precincts.

Article 2.04 sets out the time for making changes in election precincts and contains similar wording as former Article 2933, Vernon's Civil Statutes. These changes may be made only during the July and August terms of the Court, and during the month of September, in the year 1970. Article 2.04, Election Code; Wilson v. Weller, 214 S.W.2d 473 (Tex.Civ.App. 1948); Hogg v. Campbell, 48 S.W.2d 515 (Tex.Civ.App. 1932). Your second question is therefore answered in the affirmative.

In answer to your third question, you are advised that the changes in election precincts do not become operative until the beginning of the following voting year. Articles 2.04(e) and 5.14a, Texas Election Code. Counties have been held to be subject to the one-man vote rule, and no substantial variation may exist from equal population in drawing districts for units of local government having general governmental powers over the entire geographic area served by the body. Avery v. Midland County, 390 U.S. 474 (1968). Election precincts changes or substantial variations are not involved in this matter.

### S U M M A R Y

After the County Commissioners precincts of Bailey County were redefined as to boundaries in January 1970:

(a) Voters in the newly created commissioners precincts vote for the county commissioner of the commissioner's precinct in which the voter is a resident. Election Code, Art. 5.02.

(b) Changes in the boundaries of county election precincts may be made only during the July and August terms of the Court and the month of September, 1970. Election Code, Art. 2.04.

(c) These changes in boundaries of election precincts do not become effective until the following voting year. Election Code, Art. 2.04(e), 5.14(a).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

John Banks
Rex White
Ralph Rash
Glenn Brown

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant